UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | | |
|---|---|---|
| In re ) | | |
| ) | | |
| LENTEK INTERNATIONAL, INC., ) | Case No. 6:03-bk-08035 | |
| ) | Chapter 11 | |
| Debtor. ) | | |
| ) | | |

| | | |
|---|---|---|
| MICHAEL MOECKER, AS ) | | |
| LIQUIDATING TRUSTEE FOR LENTEK ) | | |
| INTERNATIONAL, INC., ) | Adversary No. 6:05-ap-189 | |
| ) | | |
| Plaintiff, ) | | |
| vs. ) | | |
| ) | | |
| JOSEPH DUREK, ) | | |
| ) | | |
| Defendant. ) | | |

MEMORANDUM OPINION DENYING DEFENDANT JOSEPH D.
DUREK'S SECOND MOTION TO COMPEL ANSWERS TO INTEROGGATORIES

This adversary proceeding came on for consideration on the Second Motion to Compel Answers to Interrogatories (the "Second Motion to Compel") (Doc. No. 27) filed by the defendant, Joseph D. Durek.  Pursuant to a Court order (Doc. No. 34), the plaintiff, Michael Moecker, filed a response (Doc. No. 36) and Mr. Durek filed a surreply (Doc. No. 38).  Upon consideration of these pleadings, the Court denies the Second Motion to Compel.

In the Second Motion to Compel, Mr. Durek seeks additional and supplementary answers to six specific interrogatories.  The last paragraph of the motion provides that "The undersigned counsel has conferred with opposing counsel in an effort to resolve the matter or narrow the issues prior to filing this motion.  The issues have been narrowed, but it is not clear that all maters [sic] have been resolved."

Federal Rule of Civil Procedure 37(a)(2)(A)[1] provides that motions to compel discovery responses "must include a certification that the movant has in good faith conferred or attempted to confer with the party not making the disclosure in an effort to secure the disclosure without court action." Here, the certification filed by the movant/defendant is deficient in that it fails to indicate whether the discussions between the parties have conclusively ended in an impasse leaving an open issue for the Court's determination.

Moreover, it appears as if the defendant filed the Second Motion to Compel prematurely. On May 11, 2006, the plaintiff filed lengthy amended answers to Mr. Durek's first set of interrogatories, with exhibits (Doc. No. 32), and later supplemented those answers on June 19, 2006 (Doc. No. 39). In his response to Durek's Second Motion to Compel (Doc. No. 36), the plaintiff argues that he has, to the best of his present ability, now fully responded to the six interrogatories for which more information was sought. Because the plaintiff filed amended and supplemental responses concerning the six interrogatories at issue, it would seem that there is nothing remaining for the Court to resolve in connection with the Second Motion to Compel. Moreover, if Mr. Durek still finds plaintiff's interrogatory answers inadequate or incomplete, the parties first must confer and attempt to resolve the matter.

However, in his surreply (Doc. No. 38), Durek raises multiple <u>new</u> objections to the completeness of the plaintiff's overall discovery responses, going well beyond the six interrogatories at issue in the Second Motion to Compel and raising entirely different issues relating to documents produced by the plaintiff. Nowhere in the surreply does Mr. Durek's counsel certify any attempt to resolve these new issues prior to bringing them to the Court's attention as required by Federal Rule of Civil Procedure 37(a)(2)(A). Ergo, the defendant has not

---

[1] Federal Rule of Civil Procedure 37(a)(2)(A) applies to adversary proceedings pursuant to Bankruptcy Rule 7037.

provided the Court with any basis on which to find he made a good faith effort to resolve with opposing counsel the issues he raises, for the first time, in the surreply.

Pleadings filed in connection with discovery issues are a final option to be pursued only when negotiations fail and should never be used to raise any discovery issue for the first time. The Court expects parties to do just as the federal rules require—confer on all open issues prior to filing any request for court action. The Court is more than willing to resolve legitimate disputes between the parties when appropriate. Certainly, parties can disagree on the completeness of a discovery response. However, the Court will not consider such disputes until the parties have attempted and been unable to resolve them.

Accordingly, because the certification defendant's counsel filed in connection with the Second Motion to Compel is deficient in that it fails to state that the parties negotiated in good faith and were unable to reach an agreement upon the conclusion of the negotiations, and because no certification of any kind was filed in connection with the new discovery issues raised in the surreply, the Second Motion to Compel will be denied. A separate order consistent with this Memorandum Opinion shall be issued.

DONE AND ORDERED in Orlando, Florida, on the 12th day of September, 2006.

_____
KAREN S. JENNEMANN
United States Bankruptcy Judge