UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| In re )<br>)<br>LENTEK INTERNATIONAL, INC., )<br>)<br>Debtor. )<br>)<br>_____ )<br>)<br>MICHAEL MOECKER, )<br>)<br>Plaintiff, )<br>vs. )<br>)<br>JOSEPH D. DUREK, JR., )<br>)<br>Defendant. )<br>_____ ) | Case No. 6:03-bk-08035-KSJ<br>Chapter 11<br><br><br><br><br><br>Adversary No. 6:05-ap-189 |

MEMORANDUM OPINION PARTIALLY GRANTING AND PARTIALLY
DENYING DEFENDANT JOSEPH DUREK'S MOTION FOR
RELEASE OF INTEREST ON ESCROW DEPOSIT

The issue raised by the defendant, Joseph Durek, in his Motion for Release of Interest on Escrow Deposit (the "Motion") (Doc. No. 45) is whether he is entitled to the immediate release of interest that has accrued on an escrow account he established pursuant to a separate Escrow Agreement, dated September 13, 2004. The Escrow Agreement does not specifically address who is entitled to receive the interest that accrues prior to the resolution of the dispute between the parties raised in this adversary proceeding.

The Escrow Agreement was entered into by the parties to protect a fund of money in the initial sum of $455,677.61. The Escrow Agent, Lowndes, Drosdick, Doster, Kantor & Reed, P.A., has held these funds for approximately two years and is directed in paragraph 5 of the Escrow Agreement to hold the funds in an interest-bearing demand deposit or money market account at Wachovia Bank. The Escrow Agent has complied with these requirements, and, given the passage of time and the delay in the resolution of the issues in this litigation,

approximately $14,000 in interest has accrued. In the interim, Durek has received a 1099 tax form requiring him to pay federal income tax on this interest, even though he has no access to the funds.

The purpose of the Escrow Agreement was to preserve the funds for payment to whichever party wins this adversary proceeding. If the trustee/plaintiff is successful, the funds will go to him. If Durek succeeds, he will receive the entire body of funds. Although the Escrow Agreement does not specifically discuss if either party is entitled to receive the accruing interest prior to the final resolution of this adversary proceeding, the Court finds that the purpose of the Escrow Agreement is better satisfied by allowing the interest to remain in the escrow account until this adversary proceeding is finally resolved and the proceeds distributed. As such, the Court will deny Durek's request for immediate turnover of the interest with one exception. Due to the fact that Durek must pay federal taxes on the accruing interest for the funds held in the Escrow Account, the Court instructs and directs the Escrow Agent to disburse sufficient funds to pay any outstanding tax liability associated with the accrued interest and, to the extent needed, to pay subsequent tax obligations for any additional interest income that accrues in the future. The Motion is otherwise denied. A separate order consistent with this Memorandum Opinion shall be entered.

DONE AND ORDERED in Orlando, Florida, on the 11th day of October, 2006.

KAREN S. JENNEMANN
United States Bankruptcy Judge

Copies provided to:

Plaintiff:  Michael Moecher, P.O. Box 2854, Orlando, FL  32802-2854

Plaintiff's Attorney:  Jon E. Kane, Mateer & Harbert, PA, P.O. Box 2854, Orlando, FL  32802

Defendant:  Joseph D. Durek, Jr., 5404 Monterrey Club Court, Windermere, FL  32786

Defendant's Attorney:  Mitchell E. Grodman, 450 S. Orange Avenue, Suite 800, Orlando, FL  32801

Eric Kimball, Akerman Senterfitt, 420 S. Orange Avenue, Suite 1200, Orlando, FL  32801